UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**JULIE RENEE WENTZEK**,                    Case No. 3:12-cv-01687-SI

                    Plaintiff,                    **OPINION AND ORDER**

            v.

**CAROLYN W. COLVIN**,
Commissioner of Social Security,

                    Defendant.


Lisa R.J. Porter, KP Law LLC, 16200 S.W. Pacific Highway, Suite H-280, Portland, OR 97224.
Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States
Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue,
Suite 600, Portland, OR 97204; Lars J. Nelson, Special Assistant United States Attorney, Office
of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S
221A, Seattle, WA 98104. Attorneys for Defendant.

**SIMON, District Judge**.

On November 16, 2004, Julie Rene Wentzek applied for Social Security Disability Insurance Benefits ("DIB"). The Commissioner of the Social Security Administration ("Commissioner") denied her application and Ms. Wentzek thereafter filed an appeal in this Court. In its September 3, 2013 Opinion and Order ("Opinion") and corresponding Judgment, the Court reversed the Commissioner's decision and remanded the case for further proceedings. *See generally Wentzek v. Colvin*, 2013 WL 4742993 (D. Or. Sept. 3, 2013). The Commissioner now moves to alter or amend the Court's Judgment pursuant to Fed. R. Civ. P. 59(e). Dkt. 21. For reasons set forth below, the Commissioner's motion is DENIED.

## STANDARD

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011), *cert. denied*, 133 S. Ct. 424 (2012); *see also McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.") (citation and quotation marks omitted).

## DISCUSSION

The Commissioner asserts that the Court committed clear error in its evaluation of the administrative law judge's ("ALJ") credibility determination and in concluding "that the record needed further development with respect to Ms. Wentzek's post-traumatic stress disorder (PTSD)." Def.'s Mot. Am. 2, 5. Moreover, the Commissioner contends that the Court improperly

reversed of the ALJ's residual functional capacity ("RFC") for failure to account for all of Ms. Wentzek's impairments.

**A. Credibility Finding**

In its Opinion, the Court held that the ALJ failed to provide a specific, clear, and convincing reason to discredit Ms. Wentzek's subjective symptom testimony. *Wentzek*, 2013 WL 4742993 at *4-7. The Commissioner argues that the Court committed clear error in so holding because: (1) Ms. Wentzek neither argued the issue of whether the ALJ conflated his analysis of her credibility with that of the medical evidence nor cited the cases upon which Court relied; (2) the ALJ sufficiently identified which subjective symptom testimony was not credible by "specifically asked Ms. Wentzek at the hearing, 'Why can't you work today?' [and then] summariz[ing] Ms. Wentzek's responsive testimony in the decision"; and (3) proper deference was not afforded to the ALJ's decision concerning Ms. Wentzek's activities of daily living. Def.'s Mot. Am. 2-4.

In this case, the ALJ discussed only one reason for discrediting Ms. Wentzek: her activities of daily living. In assessing this rationale, the Court observed in a footnote that "[t]he ALJ conflated his analysis of Ms. Wentzek's credibility with his evaluation of the medical opinion evidence [such that] the ALJ's [credibility] assessment . . . was terse and did not specifically identify which subjective symptom testimony was not credible." *Wentzek*, 2013 WL 4742993 at *5 n.2 (citations omitted).

The claimant adequately raised the issue of the ALJ's credibility determination. Ms. Wentzek's opening brief directly challenged the ALJ's credibility finding as being unsupported by substantial evidence: "[i]n finding that Plaintiff's reported activity was indicative of non-disability, the ALJ errs [because] Plaintiff's activities were performed sporadically,

inconsistently and minimally per witness and Plaintiff testimony and per medical evidence." Pl.'s Opening Br. 24; *see also id.* at 5-19 (summarizing Ms. Wentzek's hearing testimony and the medical evidence of record). Ms. Wentzek's phrasing of the issue is sufficient to place both the ALJ's assessment of the medical record as it relates to her credibility, as well as his characterization of her activities of daily living, before the Court for review.

The Commissioner is correct that the ALJ asked Ms. Wentzek why she was unable to work and then briefly outlined her response before providing his credibility analysis. *See* Tr. 19. Nevertheless, the ALJ's error did not lay in failing to acknowledge Ms. Wentzek's testimony or in considering the medical evidence; rather, the ALJ erred in neglecting to apply the record evidence to a meaningful assessment of Ms. Wentzek's credibility. In fact, the ALJ's credibility analysis does not refer to Ms. Wentzek's hearing testimony or otherwise explain why certain evidence contradicted or diminished her credibility. *See, e.g.*, Tr. 19-20 (ALJ discussing certain diagnoses or medical reports but failing to link these findings to Ms. Wentzek's statements); *see also Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("ALJ must specifically identify the testimony she or he finds not to be credible"); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.1995) ("[g]eneral [credibility] findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints"); *Loring v. Astrue*, 2011 WL 6888838, *2-4 (D. Or. Dec. 29, 2011) (denying the Commissioner's Fed. R. Civ. P. 59(e) motion under analogous circumstances and recognizing that in finding a claimant's testimony not credible "[t]he Ninth Circuit's case law and the Commissioner's Social Security Rulings require more than recitation of evidence").

This deficiency is particularly problematic because the ALJ did not accurately characterize Ms. Wentzek's statements. The ALJ found that Ms. Wentzek lacked credibility

because she "babysat her grandchild on a regular basis, maintained her home[,] did yard work[,] homeschooled her son with special needs for two years [in 2009 and 2010,] [and][t]reatment records from March 2010 reflect that she was riding an ATV." Tr. 21. A review of the record, however, reveals that these conclusions by the ALJ are not supported by the evidence. Ms. Wentzek either did not engage in these activities in a manner inconsistent with her hearing testimony or to the extent indicated by the ALJ.

Ms. Wentzek's statements are consistent throughout the administrative record that, although she attempted to maintain her home, she was unable to do so because she lacked the requisite focus, attention, persistence, and motivation. Additionally, although Ms. Wentzek babysat her grandson for approximately six hours per week in 2004, she stated that she often received help in doing so; in any event, by 2005, her condition had deteriorated such that she was no longer able to provide as much childcare. Further, the record establishes that Ms. Wentzek was precluded from successfully homeschooling her son due to her impairments; her inability to focus, persist, and remember the curriculum rendered her incapable of doing the proper work, such that her son was required to return to public school and repeat the sixth grade. Finally, because Ms. Wentzek consistently endorsed having good days and bad days, and premised her disability claim, in large part, on her mental impairments, the fact that she rode an ATV once does not contravene her subjective symptom statements or constitute substantial evidence.[1] Similarly, nothing in the record demonstrates that Ms. Wentzek performed yard work or any other strenuous labor before the date last insured. These activities neither "indicat[e] capacities

---

[1] The Court further notes that Ms. Wentzek began homeschooling her son and rode an ATV after the date last insured; they therefore do not necessarily signify that Ms. Wentzek was being less than candid regarding her limitations during the relevant time period. Tr. 17.

that are transferable to a work setting" nor "contradic[t] claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citations omitted).

In its motion, the Commissioner does not acknowledge or address these shortcomings in the ALJ's decision. Accordingly, although the Court recognizes that the ALJ's rational interpretation of the evidence must be upheld, here, the ALJ relied on an inaccurate characterization of the record to find Ms. Wentzek not credible. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (ALJ's "paraphrasing of record material" was "not entirely accurate regarding the content and tone of the record" and did not support an adverse credibility finding). Under these circumstances, the ALJ's decision is not entitled to deference. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004) (court only required to uphold an ALJ's rational interpretation of the evidence). Therefore, for the reasons set forth in both the Court's Opinion and above, the ALJ's credibility finding warranted reversal.

## B. Insufficiency of the Record Finding

In its Opinion, the Court also found that the ALJ erred in failing further to develop the record concerning Ms. Wentzek's PTSD. Central to this determination was the fact that Ms. Wentzek had received several psychological diagnoses, including depression, anxiety, and PTSD, and it was unclear whether or how these impairments interacted and interfered with her ability to work.[2] *Wentzek*, 2013 WL 4742993 at *10-12. The Commissioner argues that "[t]he

---

[2] This issue was paramount to the parties' prior proceedings. *See* Tr. 25-27 (order from the Appeals Council reversing and remanding the ALJ's previous decision due, in part, to the ALJ's failure to adequately assess Ms. Wentzek's mental impairments). Upon remand from the Appeals Council, the ALJ was explicitly ordered to "[o]btain evidence from a medical expert to clarify the nature and severity of the claimant's mental impairments and any work-related limitations imposed by these impairments," but failed to comply therewith. Tr. 26; *see also* Tr. 15 ("I did not obtain new evidence from a medical expert"); 20 C.F.R. § 404.977(b) (ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order").

Court committed clear error by rendering inconsistent findings about Ms. Wentzek's PTSD."
Def.'s Mot. Am. 5-6. In particular, the Commissioner asserts that, because the Court upheld the
ALJ's rejection of Dr. Parsons' disability opinion, it cannot rely thereon to support the existence
of an inadequacy in the record. Alternatively, the Commissioner contends that it is not possible
to effectuate the Court's Opinion: "the record is as good as it is going to get . . . What further
development can shed light about Ms. Wentzek's PTSD symptoms between her alleged onset
date in December 2003 and her date last insured in December 2008?" *Id.* at 6.

The Commissioner's arguments are unavailing for three reasons. First, this Court's
Opinion only addressed the ALJ's assessment of Dr. Parsons' brief disability letter, in which he
outlined Ms. Wentzek's diagnoses and then concluded that she was disabled. In other words,
neither this Court nor the ALJ rejected all of the evidence from Dr. Parsons, including his chart
notes, which repeatedly document a diagnosis of PTSD based on his clinical findings and
personal medical observations. *Compare* Tr. 546 (Dr. Parsons' disability opinion letter), *with*
Tr. 548-551 (Dr. Parsons' chart notes); *see also* Tr. 20 (addressing only Dr. Parsons' disability
letter); *Wentzek*, 2013 WL 4742993 at *7-8 (same). As such, the fact that the ALJ reasonably
discredited Dr. Parsons' disability opinion is immaterial to the issue of whether the record was
sufficiently developed as to Ms. Wentzek's PTSD.

Second, the Court did not rely solely on Dr. Parsons in finding that the record was
inadequate with respect to Ms. Wentzek's PTSD. Indeed, the record is replete with references to
Ms. Wentzek's PTSD during the relevant time period and, when taken as a whole, suggests that
this impairment significantly limited her ability to do basic work activities. *See Wentzek*, 2013
WL 4742993 at *10 (citing Tr. 469 (Dr. Stuckey reporting that Ms. Wentzek "presents with
symptoms of PTSD such as nightmares related to her abuse and extensive gaps in her remote

memory" and listing PTSD as a "[r]ule out" possibility), 497-99 (Ms. Dudley diagnosing

Ms. Wentzek with PTSD), 546 (Dr. Parsons noting that Ms. Wentzek "has been diagnosed" with

PTSD), 548 (Dr. Parsons listing PTSD as Ms. Wentzek's Axis I diagnosis and reporting that she

suffers from "[l]ikely PTSD with chronic and depressive anxiety and symptoms"), 550

(Dr. Parsons diagnosing Ms. Wentzek with PTSD)). Because there is no evidence in the record

regarding how Ms. Wentzek's PTSD limits her ability to work or exacerbates her other alleged

impairments, the record is insufficient and in need of further development, which is particularly

appropriate in light of the ALJ's disregard for the Appeals Council's previous order to resolve

ambiguities relating to Ms. Wentzek's mental impairments. *See Mayes v. Massanari*, 276 F.3d

453, 460 (9th Cir. 2001) (ALJ's duty to further develop the record is triggered "when there is

ambiguous evidence or when the record is inadequate to allow for proper evaluation of the

evidence").

Third, contrary to the Commissioner's assertion that "the record is as good as it is going

to get," the ALJ can seek testimony, upon remand, from a medical expert to determine the effects

of Ms. Wentzek's PTSD, if different from those relating to her anxiety and depression, and its

interaction with her other mental limitations. Thus, although the Commissioner disagrees with

this Court's decision regarding this issue, that disagreement alone is insufficient to invoke the

"extraordinary remedy" of a Federal Rule of Civil Procedure 59(e) motion.

**C. RFC Finding**

Lastly, in its Opinion this Court found that, despite giving substantial weight to

Dr. Wicher and the State Agency consulting sources, the ALJ failed to include an RFC

restriction in social functioning, as outlined in those opinions. *Wentzek*, 2013 WL 4742993

at *11. The Commissioner contends that "[t]his finding is clear error because the ALJ explained why there were not limitations in social functioning in the RFC assessment." Def.'s Mot. Am. 7.

In this case, the ALJ gave "significant weight" to Dr. Wicher's opinion, who reported that Ms. Wentzek suffers from "mild deficits in social functioning and moderate deficits in concentration, persistence, and pace." Tr. 20-21, 556-57. Similarly, the ALJ gave "significant weight" to the State Agency consultive sources' evaluations; these sources opined, among other things, that Ms. Wentzek was moderately impaired in social functioning and "should not have to interact with the public due to anxiety and fatigue." Tr. 21-22, 481, 486-87. The ALJ, however, did not include any corresponding restrictions in the RFC. *See* Tr. 18; *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001) (limitations supported by substantial evidence in the record must be incorporated into the RFC).

While the Court recognizes that the ALJ ultimately afforded "greater weight" to Dr. Wicher than to the State Agency consulting sources regarding Ms. Wentzek's mental functioning, Dr. Wicher did not include any functional limitations in her report. Further, Dr. Wicher's report confirmed, as did several other sources of medical evidence, that Ms. Wentzek suffered from anxiety and fatigue, impairments that served as the basis for the State Agency sources' assessment. Therefore, the fact that the ALJ gave more weight to Dr. Wicher's opinion concerning Ms. Wentzek's mental impairments does not obviate the need to include restrictions supported by substantial evidence in the record, including one for Ms. Wentzek's difficulty with social functioning. In sum, the ALJ's RFC failed to account for all of the limitations outlined in Ms. Wentzek's testimony and the medical record. Accordingly, relief is not available under Federal Rule of Civil Procedure 59(e).

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion to alter or amend the judgment

(Dkt. 21) is DENIED.

**IT IS SO ORDERED**.

DATED this 27th day of November 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge